## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| Patrick Shaver,<br><br>        Plaintiff,<br><br>v.<br><br>TransUnion LLC, Experian Information Solutions, Inc., Equifax Information Services LLC, and Forum Credit Union,<br><br>        Defendants. | Civil Action No:   1:24-cv-00043<br><br><br>**COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.

2. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

3. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

4. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

5.      The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

6.      The FCRA protects consumers through a tightly wound set of procedural protections from the material risks of harm that otherwise flow from inaccurate reporting.

7.      Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

8.      Patrick Shaver ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendants TransUnion LLC ("TU"), Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Forum Credit Union ("Forum") (jointly as "Defendants"), regarding erroneous reports of derogatory credit information and Defendants' failure to maintain maximum possible accuracy as to Plaintiff's credit reports.

9.      While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

10.     Unless otherwise stated, all the conduct engaged in by Defendants took place in Indiana.

11.     Defendants committed each of these violations knowingly, willfully, and intentionally, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

12.     Through this Complaint, Plaintiff does not allege that any state court judgment was entered against anyone in error, and Plaintiff does not seek to reverse or modify any judgment.

## JURISDICTION AND VENUE

13.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681 *et seq*.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

15.     Plaintiff resides in this District.

## PARTIES

16.     Plaintiff is an adult individual and is "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

17.     Defendant TU is a business entity doing business in the Southern District of Indiana.

18.     Defendant TU's registered agent address is: Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

19.     Defendant TU regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

20.     Defendant TU is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

21.     Defendant Experian is a business entity doing business in the Southern District of Indiana.

22.     Defendant Experian's registered agent address is: C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.

23.     Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

24.     Defendant Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

25.     Defendant Equifax is a business entity doing business in the Southern District of Indiana.

26.     Defendant Equifax's registered agent address is: Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

27.     Defendant Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

28.     Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

29.     Defendant Forum is a business entity doing business in the Southern District of Indiana.

30.     Defendant Forum's registered agent address is: 11313 USA Parkway, Fishers, IN, 46038.

31.     Defendant Forum is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

32.     Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

33.     Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

34.     Plaintiff is informed and believes and, on that basis, alleges that at all times mentioned herein each Defendant was the principal, agent or employee and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each respective Defendant is liable to Plaintiff for the relief prayed for herein.

## FACTUAL ALLEGATIONS

35.     Plaintiff purchased an automobile that was financed by a loan on or about March 2019 (the "Forum Loan").

36.     On or about November 18, 2019, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Southern District of Indiana.  Plaintiff's case was assigned Case Number 19-08605-JMC-13 (the "Bankruptcy").

37.     On or about May 6, 2020, Plaintiff's Chapter 13 plan was confirmed.

38.     The holder of the Forum Loan, Forum, was listed in the Chapter 13 Plan as a creditor receiving payments through the Trustee conduit.

39.     The confirmed Chapter 13 Plan provided a nonstandard provision that stated:

> For all creditors receiving payments through the Trustee conduit, the following plan provision shall apply: This Chapter 13 Plan along with the Confirmation Order is a modification of the original contracted payment terms with the Debtor(s) as set forth herein and allowed under bankruptcy law. The payment due days, application of payments, assessment of late fees and attorney fees, and balances owed are hereby controlled by the terms described in this Chapter 13 Plan. See (In re Diana Lynn Harvey, 213 F.3d 318 7th Cir. 2000). This modified contract, created by the confirmed Chapter 13 Plan and Confirmation Order, shall only be subject to modification of the Chapter 13 Plan under 11 U.S.C. § 1329. This section is not applicable to direct pay creditors not paid through the Trustee.

40.     The nonstandard provision in the confirmed Chapter 13 Plan creates an obligation for creditors who choose to credit report to do so in conformity with the modified contract created by the Chapter 13 Plan.

41.     This means that creditors who credit report must report the balance of the account within the Bankruptcy, along with the scheduled payment, recent payment, payments previously made, and the current status of those payments.

42.    Despite the Chapter 13 Plan, the Forum Loan was reported without a balance or payment information on Plaintiff's TU, Equifax, and Experian credit reports.

43.    Plaintiff's creditors and potential creditors have accessed Plaintiff's credit reports while the misreporting described herein was on Plaintiff's credit reports and were misinformed by Defendants about Plaintiff's credit worthiness.

### TU and Forum's Inaccurate Reporting of the Forum Loan

44.    Upon information and belief, on or before November 1, 2022, TU was publishing information about Plaintiff's Forum Loan on Plaintiff's TU consumer report (the "TU Report").

45.    Upon information and belief, in the TU Report, TU and Forum were reporting numerous incorrect, incomplete, and/or materially misleading remarks regarding the Forum Loan.

46.    Upon information and belief, the Forum Loan was reported on the TU Report with no balance, no amount paid, no payment history, and remarks stating "Chapter 13 Bankruptcy".

47.    By reporting the above-described inaccurate, incomplete, and/or materially misleading information on the Forum Loan, TU and Forum were incorrectly making it appear as if the Forum Loan had been closed and that it had been, or would be, discharged through the Bankruptcy.

48.    This was inaccurate, incomplete, and/or materially misleading because the nonstandard provision in the confirmed Chapter 13 Plan provides that the Chapter 13 Plan creates a modified contract that Plaintiff pays upon.

49.    It is inaccurate, incomplete, and/or materially misleading for TU and Forum to report any derogatory collection information which is inconsistent with the Orders entered by the Bankruptcy Court.

50.    However, TU and Forum either reported or caused to be reported inaccurate, incomplete, and/or materially misleading information on the Forum Loan as discussed herein.

*Experian and Forum's Inaccurate Reporting of the Forum Loan*

51. Upon information and belief, on or before November 1, 2022, Experian was publishing information about Plaintiff's Forum Loan on Plaintiff's Experian consumer report (the "Experian Report").

52. Upon information and belief, on the Experian Report, Experian and Forum were reporting numerous incorrect, incomplete, and/or materially misleading remarks regarding the Forum Loan.

53. Upon information and belief, the Forum Loan was reported on the Experian Report with no balance, no amount paid, no payment history, and remarks stating, "Debt included in or discharged through Bankruptcy Chapter 13".

54. By reporting the above-described inaccurate, incomplete, and/or materially misleading information on the Forum Loan, Experian and Forum were incorrectly making it appear as if the Forum Loan had been closed and that it had been, or would be, discharged through the Bankruptcy.

55. This was inaccurate, incomplete, and/or materially misleading because the nonstandard provision in the confirmed Chapter 13 Plan provides that the Chapter 13 Plan creates a modified contract that Plaintiff pays upon.

56. It is inaccurate, incomplete, and/or materially misleading for Experian and Forum to report any derogatory collection information which is inconsistent with the Orders entered by the Bankruptcy Court.

57. However, Experian and Forum either reported or caused to be reported inaccurate, incomplete, and/or materially misleading information on the Forum Loan as discussed herein.

### *Equifax and Forum's Inaccurate Reporting of the Forum Loan*

58.     Upon information and belief, on or before November 1, 2022, Equifax was publishing information about Plaintiff's Forum Loan on Plaintiff's Equifax consumer report (the "Equifax Report").

59.     Upon information and belief, on the Equifax Report, Equifax and Forum were reporting numerous incorrect, incomplete, and/or materially misleading remarks regarding the Forum Loan.

60.     Upon information and belief, the Forum Loan was reported on the Equifax Report with no balance, no amount paid, no payment history, and bankruptcy remarks.

61.     By reporting the above-described inaccurate, incomplete, and/or materially misleading information on the Forum Loan, Equifax and Forum were incorrectly making it appear as if the Forum Loan had been closed and that it had been, or would be, discharged through the Bankruptcy.

62.     This was inaccurate, incomplete, and/or materially misleading because the nonstandard provision in the confirmed Chapter 13 Plan provides that the Chapter 13 Plan creates a modified contract that Plaintiff pays upon.

63.     It is inaccurate, incomplete, and/or materially misleading for Equifax and Forum to report any derogatory collection information which is inconsistent with the Orders entered by the Bankruptcy Court.

64.     However, Equifax and Forum either reported or caused to be reported inaccurate, incomplete, and/or materially misleading information on the Forum Loan as discussed herein.

*Plaintiff's Dispute to TU of the Forum Loan*

65.    On or after November 1, 2022, Plaintiff disputed TU's reporting of the Forum Loan pursuant to 15 U.S.C. § 1681i by notifying TU, in writing, of the inaccurate, incomplete, and/or materially misleading credit information.

66.    Plaintiff sent a letter to TU requesting the above inaccurate, incomplete, and/or materially misleading and derogatory information be updated, modified, or corrected as to the Forum Loan (the "TU Dispute").

67.    Specifically, Plaintiff explained that the Forum Loan was paid through the Chapter 13 trustee.

68.    Plaintiff requested that TU and Forum list Plaintiff's current balance and the ongoing payments Plaintiff was making on the Forum Loan.

69.    Plaintiff attached supporting documents to the TU Dispute, including Plaintiff's Chapter 13 Plan and a copy of the confirmation order.

70.    Upon information and belief, TU received the TU Dispute.

71.    Upon receipt of the TU Dispute, TU was required to conduct a reinvestigation into the Forum Loan on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

72.    Pursuant to 15 U.S.C. § 1681i, TU had a duty to notify Forum of Plaintiff's TU Dispute within five business days of receiving the dispute, to forward the supporting documents submitted with Plaintiff's TU Dispute for Forum to review, to conduct a reasonable reinvestigation of the disputed information, and to correct the tradeline or delete it from Plaintiff's consumer file.

73.    Pursuant to 15 U.S.C. § 1681s-2(b), Forum had a duty to conduct an investigation with respect to the disputed information, and to modify or delete that information appropriately.

74.    A reasonable reinvestigation by TU would have indicated that it was reporting the Forum Loan inaccurately, incompletely, and/or in a materially misleading way.

75.  A reasonable investigation by Forum would have indicated that it was reporting the Forum Loan inaccurately, incompletely, and/or in a materially misleading way.

76.  After receipt of the TU Dispute, TU and Forum continued to report the inaccurate, incomplete, and/or materially misleading information regarding the Forum Loan on Plaintiff's TU credit report.

### *Plaintiff's Dispute to Experian of the Forum Loan*

77.  On or after November 1, 2022, Plaintiff disputed Experian's reporting of the Forum Loan pursuant to 15 U.S.C. § 1681i by notifying Experian, in writing, of the inaccurate, incomplete, and/or materially misleading credit information.

78.  Plaintiff sent a letter to Experian requesting the above inaccurate, incomplete, and/or materially misleading and derogatory information be updated, modified, or corrected as to the Forum Loan (the "Experian Dispute").

79.  Specifically, Plaintiff explained that the Forum was paid through the Chapter 13 trustee.

80.  Plaintiff requested that Experian and Forum list Plaintiff's current balance and the ongoing payments Plaintiff was making on the Forum Loan.

81.  Plaintiff attached supporting documents to the Experian Dispute, including Plaintiff's Chapter 13 Plan and a copy of the confirmation order.

82.  Upon information and belief, Experian received the Experian Dispute.

83.  Upon receipt of the Experian Dispute, Experian was required to conduct a reinvestigation into the Forum Loan on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

84.  Pursuant to 15 U.S.C. § 1681i, Experian had a duty to notify Forum of Plaintiff's Experian Dispute within five business days of receiving the dispute, to forward the supporting documents submitted with Plaintiff's Experian Dispute for Forum to review, to conduct a

reasonable reinvestigation of the disputed information, and to correct the tradeline or delete it from Plaintiff's consumer file.

85.    Pursuant to 15 U.S.C. § 1681s-2(b), Forum had a duty to conduct an investigation with respect to the disputed information, and to modify or delete that information appropriately.

86.    A reasonable reinvestigation by Experian would have indicated that it was reporting the Forum Loan inaccurately, incompletely, and/or in a materially misleading way.

87.    A reasonable investigation Forum would have indicated that it was reporting the Forum Loan inaccurately, incompletely, and/or in a materially misleading way.

88.    After receipt of the Experian Dispute, Experian and Forum continued to report the inaccurate, incomplete, and/or materially misleading information regarding the Forum Loan on Plaintiff's Experian credit report.

### *Plaintiff's Dispute to Equifax of the Forum Loan*

89.    On or after November 1, 2022, Plaintiff disputed Equifax's reporting of the Forum Loan pursuant to 15 U.S.C. § 1681i by notifying Equifax, in writing, of the inaccurate, incomplete, and/or materially misleading credit information.

90.    Plaintiff sent a letter to Equifax requesting the above inaccurate, incomplete, and/or materially misleading and derogatory information be updated, modified, or corrected as to the Forum Loan (the "Equifax Dispute").

91.    Specifically, Plaintiff explained that the Forum Loan was paid through the Chapter 13 trustee.

92.    Plaintiff requested that Equifax and Forum list Plaintiff's current balance and the ongoing payments Plaintiff was making on Forum Loan.

93.    Plaintiff attached supporting documents to the Equifax Dispute, including Plaintiff's Chapter 13 Plan and a copy of the confirmation order.

94.    Upon information and belief, Equifax received the Equifax Dispute.

95.  Upon receipt of the Equifax Dispute, Equifax was required to conduct a reinvestigation into the Forum Loan on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

96.  Pursuant to 15 U.S.C. § 1681i, Equifax had a duty to notify Forum of Plaintiff's Equifax Dispute within five business days of receiving the dispute, to forward the supporting documents submitted with Plaintiff's Equifax Dispute for Forum to review, to conduct a reasonable reinvestigation of the disputed information, and to correct the tradeline or delete it from Plaintiff's consumer file.

97.  Pursuant to 15 U.S.C. § 1681s-2(b), Forum had a duty to conduct an investigation with respect to the disputed information, and to modify or delete that information appropriately.

98.  A reasonable reinvestigation by Equifax would have indicated that it was reporting the Forum Loan inaccurately, incompletely, and/or in a materially misleading way.

99.  A reasonable investigation by Forum would have indicated that it was reporting the Forum Loan inaccurately, incompletely, and/or in a materially misleading way.

100.  After receipt of the Equifax Dispute, Equifax and Forum continued to report the inaccurate, incomplete, and/or materially misleading information regarding the Forum Loan on Plaintiff's Equifax credit report.

### *TU and Forum's Continued Inaccurate Reporting after the TU Dispute*

101.  Following TU and Forum's investigations into the TU Dispute, TU issued investigation results dated November 23, 2022 (the "TU Investigation Results").

102.  In the TU Investigation Results, TU and Forum reported the tradeline for the Forum Loan in an inaccurate, incomplete, and/or materially misleading way.

103.  TU and Forum reported the Forum Loan with no balance, monthly payment amount, and no payment history.

104. The TU Investigation Results did not include a statement on the tradeline for the Forum Loan that the Forum Loan was disputed by Plaintiff.

105. TU and Forum's reporting was inaccurate, incomplete, and/or materially misleading because the result of their reporting was to make it appear as if the Forum Loan was negative, that no balance or monthly payment was owed, and that Plaintiff had not made any payments since Plaintiff's Bankruptcy was filed.

106. TU and Forum's continued inaccurate, incomplete, and/or materially misleading reporting and failures to investigate or correct the inaccurately reported information on the Forum Loan were problematic because the TU Dispute included relevant supporting documents that TU and Forum chose to ignore.

107. On a TU credit report dated May 26, 2023, the Forum Loan continued to report inaccurately, incompletely, and/or in a materially misleading way, without balance or payment information.

108. On a TU credit report dated January 5, 2024, the Forum Loan again continued to report inaccurately, incompletely, and/or in a materially misleading way, without balance or payment information.

***Experian and Forum's Continued Inaccurate Reporting after the Experian Dispute***

109. Following Experian and Forum's investigations into the Experian Dispute, Experian issued dispute results dated November 17, 2022 (the "Experian Dispute Results").

110. In the Experian Dispute Results, Experian and Forum reported the tradeline for the Forum Loan in an inaccurate, incomplete, and/or materially misleading way.

111. Experian and Forum reported the Forum Loan with no balance, no monthly payment amount, and no payment history.

112. Experian and Forum specifically inaccurately reported that Plaintiff's monthly payment on the Forum Loan was $0.

113. Experian and Forum's reporting on the Experian Dispute Results was inaccurate, incomplete and/or materially misleading because the result of their reporting was to make it appear as if the Forum Loan was negative, that no balance or monthly payment was owed, and that Plaintiff had not made any payments since the Bankruptcy was filed.

114. Experian and Forum's continued inaccurate, incomplete, and/or materially misleading reporting, failures to investigate or correct the inaccurately reported information on the Forum Loan were problematic because Experian Dispute included relevant supporting documents that Experian and Forum chose to ignore.

115. On an Experian credit report dated May 23, 2023, the Forum Loan continued to report inaccurately, incompletely, and/or in a materially misleading way, without balance or payment information.

116. On an Experian credit report dated January 5, 2024, the Forum Loan still reported inaccurately, incompletely, and/or in a materially misleading way, without balance or payment information.

117. Additionally, on the Experian credit report dated January 5, 2024, the Forum Loan reported as "potentially negative", thus reinforcing the perception that the Forum Loan was a negative account instead of a positive account that Plaintiff was paying on as agreed.

### *Equifax and Forum's Continued Inaccurate Reporting after the Equifax Dispute*

118. Following Equifax and Forum's investigations into the Equifax Dispute, Equifax issued dispute results dated November 17, 2022 (the "Equifax Dispute Results").

119. In the Equifax Dispute Results, Equifax and Forum reported the tradeline for the Forum Loan in an inaccurate, incomplete, and/or materially misleading way.

120. Equifax and Forum reported the Forum Loan with no balance, no monthly payment amount, and no payment history.

121.    Equifax and Forum's reporting was inaccurate, incomplete and/or materially misleading because the result of their reporting was to make it appear as if the Forum Loan was negative, that no balance or monthly payment was owed, and that Plaintiff had not made any payments since the Bankruptcy was filed.

122.    Equifax and Forum's continued inaccurate, incomplete, and/or materially misleading reporting, failures to investigate or correct the inaccurately reported information on the Forum Loan were problematic because Equifax Dispute included relevant supporting documents that Equifax and Forum chose to ignore.

123.    On an Equifax credit report dated January 5, 2024, the Forum Loan continued to report inaccurately, incompletely, and/or in a materially misleading way, without balance or payment information.

124.    In fact, on the Equifax credit report dated January 5, 2024, the Forum Loan inaccurately reported as "closed".

125.    The Forum Loan is not closed, as Plaintiff continues to pay on it as agreed.

*The Impact of Inaccurate or Misleading Information on Consumer Reports*

126.    A "Consumer Report," as defined by 15 U.S.C. § 1681a(d)(1), impacts a consumer's eligibility for:

i.    credit or insurance to be used primarily for personal, family, or household purposes;

ii.   employment purposes; or

iii.  any other purpose authorized under section 1681b.

127.    As a result, the information held within a consumer report impacts not only a consumer's credit worthiness, rating, and capacity, but also the character, general reputation, and personal characteristics of the consumer.

128.    A Federal Trade Commission study mandated by Congress on credit report accuracy ("FTC Study") found that one in five consumers had an error on at least one of their three major credit reports (Equifax, Experian, and Trans Union), with some consumers experiencing inaccuracies that can depress credit scores by over 100 points. *See* https://www.ftc.gov/news-events/press-releases/2013/02/ftc-study-five-percent-consumers-had-errors-their-credit-reports.

129.    The FTC Study found that the types of errors on consumer reports could lead to consumers paying more for products such as auto loans and insurance. *See* https://www.ftc.gov/news-events/press-releases/2013/02/ftc-study-five-percent-consumers-had-errors-their-credit-reports.

### *Credit Scoring*

130.    The Fair Isaac Corporation credit risk scoring system, also known as "FICO", is a ubiquitous credit scoring system and utilizes data reported by credit reporting agencies. *See* https://www.myfico.com/credit-education/credit-scores/ .

131.    Defendants' inaccurate and/or materially misleading reporting has caused Plaintiff to suffer from reduced FICO credit scores.

132.    The Fair Isaac Corporation uses the data in consumer reports to calculate credit scores that it assigns to consumers.

133.    The term "credit score" is a numerical value or a categorization used to predict the likelihood of certain credit behaviors, including default.

   *See* http://files.consumerfinance.gov/f/201210_cfpb_supervision-and-examination-manual-v2.pdf.

134.    FICO scores are calculated from credit data in a consumer's credit report that are arranged in five main categories. Those categories are identified and weighted as follows: payment history accounts for 35% of a consumer's FICO score; debt/amounts owed accounts for 30% of a

consumer's FICO score; age/length of credit history accounts for 15% of a consumer's FICO score; new credit/recent inquiries accounts for 10% of a consumer's FICO score; and mix of accounts/types of credit accounts for 10% of a consumer's FICO score. *See* https://www.myfico.com/credit-education/whats-in-your-credit-score/.

135.    A consumer's credit score impacts that consumer's cost of credit (e.g., interest rates, fees, etc.), availability of credit, ratings for insurance products, and even unsolicited credit offers, such as the opportunity to refinance a mortgage at a lower interest rate, extend financing periods, lower rate auto loans, and even zero-percent financing credit offers for in-store credit lines.

136.    Inaccurate, incomplete, and/or materially misleading credit reporting often results in a lower FICO (and other credit scoring model) scores, thus creating higher costs of credit for the consumer, diminished opportunities, and less purchasing power.

137.    Here, the inaccurate, incomplete, and/or materially misleading reporting of the Forum Loan adversely affects Plaintiff's FICO score as Plaintiff's credit reports make it appear as though the account is negative, and Plaintiff has not been paying on the Forum Loan at all.

138.    There is no established rule or threshold for classifying the significance of a credit score change as minor or major because the impact of a change in score is dependent on the current score; *i.e.*, a one-point change in credit score that moves the consumer from one risk tier to the next may have a large impact on the consumer's ability to receive credit, the type of credit, or rates of that credit that a consumer may receive.

139.    Consistent with the FTC Study, the Fair Isaac Corporation states that inaccurate or incorrect information on a consumer's credit report can hurt their score. *See* https://www.myfico.com/credit-education/questions/fix-errors-on-credit-report/.

### *Defendants' Violations of the FCRA and Plaintiff's Damages*

140.   It is inaccurate, incomplete, and/or materially misleading to report an account does not have a balance when it does in fact have a balance.

141.   It is inaccurate, incomplete, and/or materially misleading to report an account does not have a monthly payment made upon it when the consumer is in fact making payments on the account.

142.   It is inaccurate, incomplete, and/or materially misleading to suppress positive and accurate account balance and payment data.

143.   As evidenced by TU's failure to report accurate information on the Forum Loan—despite having notice of relevant bankruptcy documents and the fact that Plaintiff was paying on the Forum Loan—TU failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates as required by and in violation of 15 U.S.C. § 1681e(b).

144.   TU either ignored or failed to review all relevant information on the Forum Loan and thus failed to ensure maximum possible accuracy of the information concerning the individual about whom the report relates.

145.   As evidenced by Experian's failure to report accurate information on the Forum Loan—despite having notice of relevant bankruptcy documents and the fact that Plaintiff was paying on the Forum Loan—Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates as required by and in violation of 15 U.S.C. § 1681e(b).

146.   Experian either ignored or failed to review all relevant information on the Forum Loan and thus failed to ensure maximum possible accuracy of the information concerning the individual about whom the report relates.

147.  As evidenced by Equifax's failure to report accurate information on the Forum—despite having notice of relevant bankruptcy documents and the fact that Plaintiff was paying on the Forum Loan—Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates as required by and in violation of 15 U.S.C. § 1681e(b).

148.  Equifax either ignored or failed to review all relevant information on the Forum Loan and thus failed to ensure maximum possible accuracy of the information concerning the individual about whom the report relates.

149.  Additionally, as evidenced by the inaccurate, incomplete, and/or materially misleading re-reporting after Plaintiff sent Defendants written disputes identifying the inaccurate, incomplete, and/or materially misleading information related to the Forum Loan, Defendants, upon receipt of Plaintiff's disputes, failed to conduct a reasonable reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

150.  Defendants failed to review all relevant information provided by Plaintiff in the disputes to Defendants, as required by and in violation of 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

151.  Due to Defendants' failure to reasonably investigate, Defendants further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate, incomplete, and/or materially misleading information in violation of 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

152.  By reporting inaccurate, incomplete, and/or materially misleading account information after notice and confirmation of their errors, Defendants failed to take the appropriate measures as required under 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

153.    Defendants' inaccurate, incomplete, and/or materially misleading reporting on tradelines for the Forum Loan—in light of their knowledge of the positive data they could report on the Forum Loan—was willful. Plaintiff is, accordingly, eligible for statutory damages.

154.    Moreover, and in the alternative, the active suppression of positive account data that only serves to harm Plaintiff is a further indication that TU, Experian, and Equifax acted willfully.

155.    Reckless disregard of a requirement of the FCRA qualifies as a willful violation of the FCRA within the meaning of § 1681n(a). *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007).

156.    Based upon Defendants' knowledge of the Forum Loan and the respective data they possessed on the Forum Loan, even if Defendants could claim they did not willfully violate the FCRA, their conduct was at the very least done with reckless disregard of their obligations under the FCRA.

157.    Defendants' inaccurate, incomplete, and/or materially misleading reporting has caused Plaintiff to suffer actual damages, including, without limitation: fear of credit denials, damage to Plaintiff's creditworthiness, damage to Plaintiff's credit reputation, humiliation, frustration, and emotional distress.

158.    Plaintiffs entered bankruptcy to clean up and improve Plaintiff's credit, lay the groundwork for future credit, and to pay and resolve his debts.

159.    Upon information and belief, Plaintiff's Experian, Equifax, and Trans Union credit reports were published to third parties while the inaccurate information on the Forum Loan was reporting.

160.    Instead of those third parties seeing the Forum Loan as a positive account that Plaintiff was paying on every month, they instead appeared as a negative account without any payment data. This

inaccurate, incomplete, and/or materially misleading information was published to those third parties.

161.    Defendants thus caused a defamation-type harm upon Plaintiff.

162.    Plaintiff made a commitment to pay his debts as agreed in bankruptcy in the hope of obtaining a fresh start and better credit, but now Plaintiff worries the inaccurate, incomplete, and/or materially misleading information concerning the Forum Loan will prevent that from occurring.

163.    Upon information and belief, while the inaccurate, incomplete, and/or materially misleading information concerning the Forum Loan appeared on Plaintiff credit reports, Plaintiff was denied credit from Micro Center.

164.    While the inaccurate information concerning the Forum Loan appeared on Plaintiff's credit reports Plaintiff has refrained from seeking credit, such as financing for a needed car repair, for fear of being denied.

165.    Plaintiff believes the inaccurate, incomplete and/or materially misleading reporting on the Forum Loan may negatively impact Plaintiff's ability to obtain credit to cover the costs of household emergencies.

166.    Defendants' inaccurate reporting on the Forum Loan after Plaintiffs clearly requested a correction has been humiliating to Plaintiff and has caused Plaintiff stress, fear, and anger, which has resulted in upset stomachs, insomnia, and ongoing anxiety.

167.    Plaintiff has incurred pecuniary expenses as a result of his efforts to correct Defendants' inaccurate reporting on the Forum Loan.

168.    Plaintiff has suffered ongoing irritation, frustration, and humiliation knowing that Plaintiff's current and potential lenders have viewed Plaintiff's credit reports that fail to reflect Plaintiff's past and ongoing payments on the Forum Loan.

169.    Creating the false impression that the Forum Loan was negative instead of positive creates a material risk that Plaintiff would be denied credit, receive less favorable credit treatment than Plaintiff otherwise would, or receive other unfavorable treatment than Plaintiff otherwise would, from any viewer of Plaintiff's credit reports that is engaged in judgment-based lending.

### FIRST CAUSE OF ACTION
### FCRA – 15 U.S.C. § 1681 *et seq.*

170.    Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

171.    The foregoing acts and omissions constitute numerous and multiple violations of the FCRA, including, but not limited to 15 U.S.C. § 1681e(b) as to TU, Experian, and Equifax.

172.    Defendants TU, Experian, and Equifax's acts and omissions were in violation of 15 U.S.C. § 1681i as well.

173.    Defendant Forum's acts and omissions were in violation of 15 U.S.C. § 1681s-2(b).

174.    The above-described violations by Defendants were willful, allowing Plaintiff to recover under 15 U.S.C. § 1681n.

175.    As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

176.    In the alternative, Defendants were negligent in their actions, which entitled Plaintiff to recover und 15 U.S.C. § 1681o.

177.    As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual

damages, pursuant to 15 U.S.C. § 1681o(a)(1); and costs together with reasonable attorneys'

fees pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

### REQUEST FOR A JURY TRIAL

178.    Plaintiff is entitled to, and demands, a trial by jury.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief

against Defendants:

1.    A declaratory judgment that Defendants' actions as discussed herein are unlawful;

2.    Plaintiff's actual damages from each Defendant;

3.    Statutory damages of not less than $100.00 and not more than $1,000.00 to Plaintiff,

pursuant to 15 U.S.C. § 1681n(a)(1), from each Defendant;

4.    Punitive damages from each Defendant, pursuant to 15 U.S.C. §1681n(a)(2);

5.    An award of costs of litigation and reasonable attorneys' fees from each Defendant,

pursuant to 15 U.S.C. § 1681o(a)(2) or 15 U.S.C. § 1681n(a)(3); and

6.    Any other relief the Court may deem just and proper.

Dated: January 9, 2024

Respectfully Submitted,


By: */s/Richard J. Shea*

Richard J. Shea, Esq., # 21396-53
Sawin & Shea, LLC.
4701 N. Keystone Avenue, Suite 210
Indianapolis, IN 46205
Telephone: (317) 255-2600
Facsimile: (317) 255-2905
E-mail: rshea@sawinlaw.com
*Attorney for Plaintiff*